IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LEONARD ROBERTS, II

        Petitioner,

v.                                        CIVIL ACTION NO.   2:19-cv-00651
                                           (Criminal No. 2:18-cr-00004-1)

UNITED STATES OF AMERICA,

        Respondent.

ORDER

     This action was referred to United States Magistrate Judge Omar Aboulhosn for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636. On May 3, 2022, Magistrate Judge Aboulhosn submitted his Proposed Findings & Recommendations [ECF No. 267] ("PF&R") and recommended that the court **DISMISS** Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody and Supplement [ECF Nos. 193, 216] and **REMOVE** this matter from the Court's docket.

     The PF&R provided notice to the parties that objections were due within seventeen days after the filing of the PF&R if it was served by mail. Within that time limit, Petitioner filed a request for extension of time. [ECF No. 271]. On May 20, 2022, I granted, in part, the extension and ordered Petitioner to file any objections no later than June 21, 2022. [ECF No. 272].

On May 23, 2022, three days after I granted the extension for filing of objections, Petitioner filed an "Objection and Reconsideration," in which he stated that he was "objecting to Document 267 filed on 5/3/2022." [ECF No. 273]. ECF No. 267 is the PF&R, but the filing did not address the PF&R at all. Rather, before the PF&R was entered, Judge Aboulhosn had granted Petitioner permission to file a Supplemental Reply no later than April 29, 2022. [ECF No. 266]. When Petitioner failed to file his Supplemental Reply or request an extension of time, Judge Aboulhosn entered his PF&R on May 3, 2022. Petitioner averred that he thought he had requested more time to file his Supplemental Reply but claims he later realized that he did not mail that request to the court. His Supplemental Reply was instead mailed to the court on May 2, 2022, but was not received and docketed until May 10, 2022—one week after Judge Aboulhosn issued the PF&R.[1] In the "Objection and Reconsideration," Petitioner only asks the court to consider accepting his late Reply and to grant him additional time to amend it. Petitioner's "Objection and Reconsideration" is **DENIED**.

---

[1] Out of an abundance of caution, I have considered whether Petitioner's Supplemental Reply, which was received during the objection period, should be treated as objections to the PF&R. However, because the Supplemental Reply was served on May 2, 2022 – one day before the PF&R was filed – it could not have been intended as objections. Rather, the Supplemental Reply continues to argue the same points thoroughly addressed by Judge Aboulhosn in the PF&R. Because I find no error in the PF&R, I do not find it necessary to further consider the Supplemental Reply.

Despite my Order granting him an extension of time, Petitioner did not file objections to the PF&R by June 21, 2022. As the time for objections has expired, I find that this matter is ripe for review.

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court is not, however, required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Because the parties have not filed objections in this case, the court adopts and incorporates herein the PF&R and orders judgment consistent therewith. The court **DENIES** Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Supplement [ECF Nos. 193, 216], **DISMISSES** this action, and **REMOVES** this matter from the docket.

The court has additionally considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not

satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 8, 2022

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE